# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK N. JARVIS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-627 |
| DEBORAH K. CHASANOW, | * | |
| CHARLES B. DAY, | | |
| PETER J. MESSITTE, | * | |
| U.S. DISTRICT COURT CLERK'S OFFICE, | | |
| TRAXLER, | * | |
| WILKINSON, | | |
| NIEMEYER, | * | |
| and AGEE | | |
| | * | |
| Defendants | | |

***

## **MEMORANDUM**

The above-captioned civil rights complaint was filed on March 9, 2011, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted.

The complaint raises claims against judges of this Court, the Fourth Circuit Court of Appeals and Clerk's Office staff for "acts of treason to deprive citizens access to an impartial judiciary" and seeks to hold those named accountable for "criminal conspiracy, felony obstruction of justice, and criminal conspiracy of treason." ECF No. 1. The chief allegation in support of the relief sought is that Plaintiff's legal actions were dismissed.

The instant complaint must be dismissed. The judges named are entitled to immunity for any acts or decisions made in their capacity as judges.

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or

> control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester v. White*, 484 U.S. 219, 226– 27 (1988) (citation omitted).

The United States District Court Clerk's Office is not a "person" within the meaning of 42 U.S.C. §1983. *See Monroe v. Pape*, 365 U.S. 167, 189 -- 90 (1961). It, too, shall be dismissed from this case.

To the extent that the complaint alleges that criminal conduct has taken place and that Plaintiff is a victim of the crime committed, the complaint is improperly filed. A federal criminal case of this nature must be initiated by the United States Attorney's office. An alleged crime victim does not have a constitutional right to insist on a criminal prosecution. *See Sattler v. Johnson*, 857 F.2d 224 (4th Cir.1988).

A separate Order follows.


Date: March 15, 2011

_____/s/_____
Alexander Williams, Jr.
United States District Judge